UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LADELL ALEXANDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:08-cv-1216-DFH-DML |
| | ) | |
| JEFF WRIGLEY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

  Ladell Alexander seeks a writ of habeas corpus in relation to the prison disciplinary proceeding identified as No. IYC 08-06-0084, in which it was determined that Alexander had violated prison rules through his theft of property belonging to another. The evidence favorable to the decision of the conduct board, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented"), is that early in the morning of June 12, 2008, Alexander entered the staff break room at the Plainfield Correctional Facility and stole two cans of soda pop from the refrigerator in that area. Contending that the proceeding was constitutionally infirm, Alexander now seeks a writ of habeas corpus. His specific contentions are that: 1) he was not permitted to review the witness statements; 2) he was not given a "segregation/confinement report"; 3) he was denied a fair hearing; and 4) the evidence supporting the conduct board's decision was false and insufficient.

  The writ Alexander seeks can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least "some evidence" to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient), and (3) the proceedings were not otherwise tainted by prejudicial error. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Alexander to the relief he seeks. Accordingly, Alexander's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: July 6, 2009